STATE OF NEW JERSEY v. JAMES DENTO.

Superior Court of New Jersey
Law Division

Decided April 9, 1958.

GAULKIN, J. S. C.   On March 11, 1958 there was filed with the Clerk of Essex County a paper, received from James Dento, entitled "On Motion for Order to Issue Writ of *Habeas Corpus* and Verified Petition for Writ of *Habeas Corpus*." On March 21 there was received from Mr. Dento a further paper, entitled "Application for Issuance of Injunction—Complaint."

These are the last of a long series of applications made by this defendant. He was sentenced January 8, 1947 by Judge Hartshorne in Essex County Court, on three separate indictments for breaking, entering and larceny. The sentence on each indictment was six to seven years in State Prison, the sentences to run consecutively. Thereafter Dento was sentenced in Somerset County on other indictments.

Dento's persistent attacks upon the Essex County sentences of January 8, 1947 have been upon the ground that the sentences were concurrent and not consecutive. It is interesting to note that in *State v. Dento,* 31 *N. J. Super.* 535, 537 (*App. Div.* 1954), which was an attack by Dento on the Somerset County sentences, the Appellate Division said:

"The transcript of the proceedings on sentence   *   *   *   [in Somerset County on June 24, 1947] reveals that before sentence was imposed the defendant's attorney stated to the court: 'The defendant has before him 18 to 21 years in State Prison   *   *   *.' Dento himself told the Court 'I have 18 to 20 years to do now.'
"*   *   *   It appears obvious that the Somerset [County] Court of Quarter Sessions in imposing the sentences had no information before it with respect to   *   *   *   the term which the defendant was then serving, other than what was stated then and there by the defendant and his counsel   *   *   *."

On one of Dento's earliest attacks on the Essex County sentences, heard in Mercer County in 1951, testimony was taken. A later attack reached the Appellate Division, *State v. Dento* (unreported) Docket (*A*–34–55), decided September 1955. There have been others, the last before this having been decided January 31, 1957.

In spite of these repeated adjudications against him, Dento now not only repeats his attack upon the January 8, 1947 sentences, but he has filled his moving papers with scandalous, scurrilous and impertinent charges against every judge that has had anything to do with his case and against the prosecutors, the assistant prosecutors, the representatives of the Department of Institutions and Agencies, the personnel at the prison, and even against his own lawyer. His papers are full of such charges as "unprofessional conduct," "misrepresentation," "criminal conspiracy," "obstructing justice by using their office for illegal action." He demands the removal from office of the people he condemns. He charges the courts with dishonesty. He says the Judges have "exercised a jurisprudence more in keeping with * * * totalitarian states," treating the Constitution "like a piece of dirty paper." He likens some of the proceedings to "Star Chamber proceedings that were banned many centuries ago." There are numerous other examples of this type of scandalous and unwarranted vituperation in the papers before me.

No court can or should tolerate this. Filing such papers is criminal contempt and punishable as such. *In re Glauberman,* 107 *N. J. Eq.* 384 (*E. & A.* 1930).

Upon the authority of *Epstein v. Kuvin,* 23 *N. J. Super.* 482 (*App. Div.* 1952), and *In re Glauberman, supra,* the paper entitled "On Motion for Order to Issue Writ of *Habeas Corpus* and Verified Petition for Writ of *Habeas Corpus*" and the paper "Application for Injunction—Complaint" will be expunged from the records of this court and no further proceedings will be had thereon.

If the defendant wishes to persist in his application he must file new papers free from such matter.

So ordered.